[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-14418
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cr-00187-WSD-RGV-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VILMA ELIZABETH CANAS-SANCHEZ,
a.k.a. Eluvia Magaly Sandoval-Moran,
a.k.a. Eluvia Moran,
a.k.a. Eluvia Sandoval,
a.k.a. Vilma Elizabeth Canas,
a.k.a. Vilma Elizabeth Ninguno,
a.k.a. Vilma E. Canas,
a.k.a. Vilma Elizabeth C. Sanchez,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(August 16, 2016)

Before JORDAN, JULIE CARNES and JILL PRYOR, Circuit Judges.

PER CURIAM:

Vilma Canas-Sanchez appeals her 46-month sentence, imposed after she pled guilty to one count of reentry of a deported alien, in violation of 8 U.S.C. § 1326(a), (b)(2). She argues that the district court issued a substantively unreasonable sentence. After a thorough review of the record and consideration of the parties' briefs, we affirm Canas-Sanchez's sentence because her sentence was not substantively unreasonable under the totality of the circumstances.

## I. BACKGROUND

Canas-Sanchez, a Guatemalan national, first illegally entered the United States in 1994. She began engaging in criminal activity a short time afterward. In 1997, she was convicted of petty theft and sentenced to three years' probation. In 1998, she was arrested for possession of more than 400 grams of cocaine. She pled guilty to drug trafficking and was sentenced to 25 years' imprisonment. She was paroled from prison in 2005 and deported to Mexico after misrepresenting herself as a Mexican citizen to immigration authorities.

2

Canas-Sanchez illegally reentered the United States almost immediately after her 2005 deportation and was living in Georgia by January 2006. Most recently, in March 2014, she was arrested for driving without a license and running a red light.

In July 2014, Canas-Sanchez pled guilty to illegally reentering the United States in violation of 8 U.S.C. § 1326(a), (b)(2). Given her criminal history, the probation officer preparing her presentence investigation report ("PSI") calculated a Sentencing Guidelines range of 46 to 57 months. The statutory maximum was 20 years' imprisonment.

At sentencing, Canas-Sanchez did not object to the guidelines range calculated in the PSI; rather, she requested a probationary sentence or a sentence below the applicable guidelines range. She explained that her positive, active involvement in her community and rehabilitation from her previous criminal conduct warranted a sentence below the guidelines range. Specifically, she called her husband, whom she married in 2008 and with whom she has a daughter, and two other witnesses who testified that she was very involved with her church and committed to helping others in her neighborhood and religious community. These witnesses also described her work as a caregiver for the disabled.

The district court ultimately rejected Canas-Sanchez's arguments for a sentence below the applicable guidelines range and sentenced her to 46 months'

3

imprisonment.  The court stated that Canas-Sanchez exhibited a pattern of lawlessness and had not been deterred from engaging in criminal activity despite her previous incarceration for drug trafficking and subsequent deportation.  The court described her prior convictions for petty theft, drug trafficking, and the instant conviction and noted that she lied to deportation authorities about her country of origin in order to be deported to Mexico rather than Guatemala.

The court went on to label Canas-Sanchez a recidivist and self-interested individual with a general lack of respect for the law.  As a result, the court found that all of the § 3553(a) factors weighed in favor of imposing a guidelines sentence.  The district court sentenced Canas-Sanchez to 46 months' imprisonment, the lowest end of the applicable guidelines range.  This is her appeal.

## II. DISCUSSION

We review the district court's sentence for reasonableness under an abuse of discretion standard.  *Gall v. United States,* 552 U.S. 38, 41 (2007).  This standard reflects the notion that district courts have an "institutional advantage in making sentencing determinations."  *United States v. Alfaro-Moncada*, 607 F.3d 720, 735 (11th Cir. 2010) (internal quotation marks omitted).  Reviewing a sentence for reasonableness involves two steps.  First, we must consider whether the district court committed procedural error, such as inadequately explaining the chosen

sentence or "treating the Guidelines as mandatory." *Gall* 552 U.S. at 51. Second, we must examine the substantive reasonableness of the sentence in light of the totality of the circumstances. *Id*. As Canas-Sanchez does not contend that the district court committed a procedural error, we need only consider whether her sentence was substantively unreasonable.

A review of substantive reasonableness includes determining whether the sentence achieves the purposes of the 18 U.S.C. § 3553(a) factors.[1] *United States v. Docampo*, 573 F.3d 1091, 1096 (11th Cir. 2009). The party challenging the sentence bears the burden of showing it is unreasonable in light of both the record and the § 3553(a) factors. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010). "The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court . . . ." *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007) (internal quotation marks omitted). However, "we will remand for resentencing if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of

---

[1] These factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to accomplish certain aims, such as reflect the seriousness of the offense, afford adequate deterrence, and protect the public; (3) the kinds of sentences available; (4) the applicable sentencing range under the guidelines; (5) any pertinent Sentencing Commission policy statement; (6) the need to avoid unwarranted sentence disparities among defendants; and (7) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

reasonable sentences dictated by the facts of the case." *Id.* (internal quotation marks omitted).

A district court abuses its discretion and imposes a substantively unreasonable sentence when it "(1) fails to afford consideration to relevant [§ 3553(a)] factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015). Although we do not presume a sentence within the applicable guidelines range is reasonable, "we ordinarily . . . expect a sentence within the guidelines range to be reasonable." *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008) (internal quotation marks omitted). Moreover, a sentence "appreciably below" the statutory maximum penalty is indicative of a reasonable sentence. *See United States v. Valnor*, 451 F.3d 744, 751-52 (11th Cir. 2006) (upholding a sentence as reasonable in part because it was appreciably below the statutory maximum).

Canas-Sanchez contends that her sentence of 46 months' imprisonment is substantively unreasonable because the district court placed undue emphasis on her previous criminal history—without giving adequate consideration to the otherwise law-abiding life she had led and her dedication to her church and helping others— thereby imposing a sentence greater than necessary to achieve the purposes of §

6

3553(a). Although the district court placed particular emphasis on the need for deterrence, we cannot conclude that the district court committed a clear error of judgment in imposing the sentence. *See Clay*, 483 F.3d at 743.

Despite Canas-Sanchez's positive involvement with her church and community, she consistently and repeatedly failed to abide by the law. Since 1997, she has engaged in criminal conduct on multiple occasions, thereby exhibiting a propensity for recidivist behavior. Even after serving seven years of a 25-year sentence for drug trafficking, when it came time for her deportation Canas-Sanchez lied to immigration authorities by misrepresenting her nationality in order to be deported to contiguous Mexico rather than her native country of Guatemala. After her deportation, Canas-Sanchez almost immediately illegally reentered the United States. Since returning to the United States, she contends that she has "turned her life around" and is "an exemplary member of society." Appellant Br. at 14. But, as the district court pointed out, she again violated the law, this time by driving without a license and running a red light.

Like the district court, we recognize that Canas-Sanchez seems to have touched the lives of members of her church and her community, as demonstrated by the witnesses who testified on her behalf during sentencing. It appears that she has made efforts to positively influence her family, friends, and community at large. But these good deeds do not render her sentence substantively unreasonable,

7

especially given her criminal history and conduct evidencing a lack of respect for the law and the fact that her sentence is both within the guidelines range and appreciably below the statutory maximum.  *See Hunt*, 526 F.3d at 746; *Valnor*, 541 F.3d at 751-52.  In sum, the district court acted within the confines of its discretion in finding that her conduct warranted a sentence at the lower-end of the applicable Sentencing Guidelines range.

### III. CONCLUSION

We conclude that Canas-Sanchez has failed to demonstrate that her sentence is substantively unreasonable.  We therefore affirm the sentence the district court imposed.

**AFFIRMED.**